## BENJAMIN EMISON *v.* JOHN W. CARTER & WIFE.

**Judgment—Fraud—Suit to Cancel Judgment.**
> A mere motion to set aside a judgment, with leave to make defense, will not preclude a party from afterwards filing a petition in equity to revoke the judgment upon the ground of fraud in obtaining it.

**Judgment—Presumption.**
> Where there is nothing in the record showing the grounds relied upon in the motion to set aside a judgment, it will be presumed that it was not such as would deprive a court of equity of the power to vacate when the facts alleged give the court jurisdiction.

APPEAL FROM HARRISON CIRCUIT COURT.

February 10, 1874.

OPINION BY JUDGE PRYOR:

We are not disposed to adjudge that a mere motion to set aside a judgment, with leave to make a defense, will preclude a party from afterwards filing a petition in equity to vacate the judgment upon the ground of fraud in obtaining it.  There is nothing in the record showing the grounds relied on in the motion, and the fair inference is that it was not such as would deprive a court of equity

of the power to vacate, when the facts alleged give that court jurisdiction.

It is a question of much doubt as to the right of the appellant to set off these claims alleged to be due him by account against the note; but as David Emison knew that the whisky was partnership whisky, and taken as a payment on the note, the chancellor, we think, acted properly in crediting the note by the value of the whisky delivered, and the credit is for fully as much as the appellant is entitled to have. He is evidently using David Emison, the original debtor, to lessen the amount of the note by the introduction of claims and accounts that were not regarded as subsisting by either party prior to the institution of the suit.

The appellant was claiming that his brother owed Mrs. Carter more than $1,800 when the settlement was made, and now they are both insisting that she was indebted to her guardian. There is not much in the record to commend the claim set up by the appellant to the consideration of a court of equity. The only reason for reversing this case on the cross-appeal would be to have the amount due on the note set apart for the separate use of the infant; but as no reversal is asked for the failure to do this, and the chancellor can still enter such an order on the petition for the wife, the judgment is affirmed on both the original and cross-appeals.

*Cleary, Craddock & Trabue, for appellant.*

*Cantrill, Prewitt, J. Q. Ward, for appellees.*